JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kimberlite Corporation, a California Corporation

### DEFENDANTS
John Does 1-20

E-filing  ADR

**(b)** County of Residence of First Listed Plaintiff: Fresno, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Scott G. Lawson
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 365 Personal Injury - Product Liability | | PROPERTY RIGHTS | [X] 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 330 Federal Employers' Liability | 640 R.R. & Truck | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 340 Marine / PERSONAL PROPERTY | 650 Airline Regs. | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability / 370 Other Fraud | 660 Occupational Safety/Health | SOCIAL SECURITY | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other | 861 HIA (1395ff) | 810 Selective Service |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | LABOR | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting / 510 Motion to Vacate Sentence | | FEDERAL TAX SUITS | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment / Habeas Corpus: | 740 Railway Labor Act | 870 Taxes (U.S. Plaintiff or Defendant) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations / 530 General | 790 Other Labor Litigation | 871 IRS - Third Party 26 USC 7609 | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare / 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 540 Mandamus & Other | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights / 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. §1030

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 10,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____    DOCKET NUMBER _____

DATE: April 24, 2008
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

NDC-JS44

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Scott G. Lawson (Bar No. 174671)
2     scottlawson@quinnemanuel.com
    Tyler G. Doyle (Bar No. 242477)
3     tydoyle@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California 94111
   Telephone: (415) 875-6600
5  Facsimile: (415) 875-6700

6  Attorneys for Plaintiff Kimberlite
   Corporation

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 08 2147 EH

| Kimberlite Corporation, a California Corporation, | CASE NO. |
|---|---|
| Plaintiff, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR TRESPASS TO CHATTELS AND BREACH OF THE COMPUTER FRAUD AND ABUSE ACT |
| vs. | |
| John Does 1-20 | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Kimberlite Corporation, for its complaint, hereby alleges as follows:

**THE PARTIES**

1. Kimberlite Corporation is a California S corporation with its primary place of business in California. The Company is the world's largest independent dealer of Sonitrol brand security systems, and does business in 20 counties throughout California.

2. The true names and capacities of the defendants sued herein as Does 1 through 20 are not known to the plaintiffs at this time. Defendants, and each of them, are responsible in some manner for the conduct alleged herein and are liable to plaintiffs as a result. Plaintiffs will seek leave of the Court to amend this

1  Complaint to set forth the true names and capacities of such defendants when they
2  have been ascertained.
3       3.   In doing the things hereinafter alleged, each defendant was
4  acting as a duly authorized agent, employee, representative, joint venturer or
5  co-conspirator of each of the other defendants and was acting within the course and
6  scope of such agency, employment, representation, joint venture or conspiracy.

## JURISDICTION AND VENUE

9       4.   This Court has subject matter jurisdiction pursuant to 28 U.S.C.
10 § 1331. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.
11      5.   This Court has personal jurisdiction over defendants by virtue of
12 their business activities in this jurisdiction.
13      6.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391

## NATURE OF THE ACTION

17      7.   <u>The Company and its Computer Network</u>. Kimberlite owns and
18 maintains an internal computer network system in its office buildings for the
19 purpose of furthering its business objectives (the "Computer Network"). Within the
20 Computer Network, there is an electronic mail program ("Kimberlite e-mail").
21 Kimberlite e-mail is used by Kimberlite employees for business purposes only.
22 Also within the Computer Network, in various programs and files, Kimberlite stores
23 certain highly sensitive and proprietary data and information including, but not
24 limited to, client lists and customer lists, as well as private and sensitive information
25 about its employees and customers.
26      8.   <u>First E-mail Break-in</u>. On April 7, 2008, defendants, using the
27 IP address 71.135.177.158, knowingly accessed the Computer Network and
28 Kimberlite e-mail in order to view the email messages of Gloria Watson, an

1  employee of Kimberlite Corporation.  Kimberlite is informed and believes and on
2  that basis alleges that the IP address 71.135.177.158 was associated with a computer
3  located in the San Francisco Bay Area.  Defendants accessed Watson's account
4  without her knowledge or permission, or the permission of Kimberlite.  The
5  defendants remained logged into Watson's account from 6:48 PM-7:22 PM, during
6  which time they viewed several of her email messages.

7          9.   <u>Second E-Mail Break-in.</u>  On April 14, 2008, defendants, again
8  using the IP address 71.135.177.158, knowingly accessed the Computer Network
9  and Kimberlite e-mail in order to view the email accounts of Kimberlite employees
10 John Rouchanian, S. Brucker, Gloria Watson, Kevin McCracken, Michael Joiner,
11 and Susan Lee (collectively "Second Victims").  Kimberlite is informed and
12 believes and on that basis alleges that the IP address 71.135.177.158 was associated
13 with a computer located in the San Francisco Bay Area.  Defendants accessed the
14 Second Victims' accounts without their knowledge or permission, or the permission
15 of Kimberlite.  Defendants remained logged into the Computer Network from 6:38
16 PM-8:22 PM, during which time they viewed several email messages intended for
17 the Second Victims.

## FIRST CAUSE OF ACTION
### For Trespass to Chattels
(By Kimberlite Against All Defendants)

23         10.  Kimberlite hereby realleges and incorporates by reference
24 paragraphs 1-9 above, as though fully set forth at length.
25         11.  Kimberlite owns and operates valuable chattels, i.e., the
26 Kimberlite Computer Network, including the Kimberlite e-mail system.  Defendants
27 committed trespass to Kimberlite's chattel by viewing e-mail messages sent by or
28 intended for Kimberlite employees without Kimberlite's knowledge or consent.

12. By these acts, defendants intended to interfere with, and cause harm to, Kimberlite's chattels and these acts were the direct and proximate cause of harm to Kimberlite's chattels.

13. As the proximate result of defendants' unjustified and wrongful conduct, Kimberlite suffered damages as alleged above, according to proof at trial.

14. Plaintiff Kimberlite is entitled to a preliminary and permanent injunction prohibiting defendants from using, interfering or intermeddling with the Kimberlite Computer Network and Kimberlite e-mail system.

## SECOND CAUSE OF ACTION

### For Breach of The Computer Fraud and Abuse Act, 18 U.S.C. § 1030

(By Kimberlite Against All Defendants)

15. Kimberlite hereby realleges and incorporates by reference paragraphs 1-14 above, as though fully set forth at length.

16. Both Kimberlite's Computer Network and Kimberlite e-mail are protected computers involved in interstate commerce for the purposes of the CFAA.

17. By their actions, defendants knowingly accessed Kimberlite's Computer Network and Kimberlite e-mail. Defendants accessed these materials without the authorization of Kimberlite or its employees.

18. As the proximate result of defendants' unjustified and wrongful conduct, Kimberlite suffered damages as alleged above, according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE Kimberlite respectfully requests the following relief:

1. That preliminary and permanent injunctions be entered prohibiting defendants from using or intermeddling with Kimberlite's Computer Network and/or Kimberlite's e-mail systems;

2. Compensatory damages in an amount to be proved at trial;

3. Attorneys' fees and costs;

3. Punitive damages; and

5. Such other relief as the Court may deem proper.

DATED: April 24, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Scott G. Lawson
Attorneys for Kimberlite Corporation

21299/2478582.1

5

COMPLAINT FOR DAMAGES AND OTHER RELIEF

## JURY DEMAND

Kimberlite demands a trial by jury as to all claims so triable.

DATED: April 24, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Scott G. Lawson
Scott G. Lawson
Attorneys for Kimberlite Corporation