1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Scott G. Lawson (Bar No. 174671)
2    scottlawson@quinnemanuel.com
   Tyler G. Doyle (Bar No. 242477)
3    tydoyle@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California  94111
   Telephone:  (415) 875-6600
5  Facsimile:   (415) 875-6700

6  Attorneys for Plaintiff
   Kimberlite Corporation
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  Kimberlite Corporation, a California          CASE NO. 3:08cv02147
    Corporation
12                                                **KIMBERLITE CORPORATION'S**
                    Plaintiff,                    **OPPOSITION TO JOHN DOE'S**
13                                                **MOTION TO QUASH SUBPOENA**
            vs.                                   **DIRECTED TO AT&T INTERNET**
14                                                **SERVICES**
    John Does 1-20
15
                    Defendants.
16

17

18

19                    **<u>Preliminary Statement</u>**

20         Defendant John Doe's threadbare Motion to Quash plaintiff Kimberlite

21  Corporation ("Kimberlite")'s subpoena to AT&T Internet Services offers no cogent

22  legal argument as to why the subpoena should be quashed and represents nothing

23  more than an attempt by Doe to delay discovery of information to which Kimberlite

24  is legally entitled.

25         As set forth in the complaint, on at least two occasions in April 2008, Doe,

26  using the IP address of 71.135.177.158, trespassed on Kimberlite's email system and

27  logged into the user accounts of several Kimberlite employees.  While there, Doe

28  viewed email addressed to and intended for these employees, as well as confidential

21299/2504337.3

COMPLAINT FOR DAMAGES AND OTHER RELIEF

1   and proprietary information belonging to Kimberlite, its employees, and its clients.

2   Doe did this without the authorization of Kimberlite or the individual employees

3   affected by the break-ins.  Kimberlite has properly pleaded a violation of the

4   Computer Fraud and Abuse Act ("CFAA"), and a claim of trespass to chattels, and

5   has shown good cause for AT&T Internet Services, the owner of the IP address, (*see*

6   attached Exhibit B) to disclose his identity.

7       In moving to quash Kimberlite's valid subpoena, Doe argues that the Cable

8   Communication Policy Act of 1984 ("CCPA") prevents AT&T from disclosing his

9   identity, and that the Computer Fraud and Abuse Act ("CFAA") does not apply to

10  his conduct.  Neither argument is a legitimate basis for quashing a subpoena.

11      The law is clear, moreover, that the CCPA is wholly inapplicable here, as this

12  Act regulates dissemination of subscriber data by operators of cable systems, and

13  not telecommunications companies such as AT&T.  Kimberlite has, furthermore,

14  satisfied all elements for establishing a violation of the CFAA.  To succeed on a

15  CFAA claim,  Kimberlite need only show that Doe knowingly accessed a protected

16  computer, that Doe did so without authorization or exceeded authorized access, that

17  the computer broken into was involved in interstate commerce, and that the

18  Company suffered at least $5,000.00 in damages in the past year as a result of Doe's

19  actions.  Kimberlite has properly pleaded all these elements, and has documented at

20  least some of the break-ins and damages caused by Doe's conduct.

21      John Doe has presented no colorable argument as to why Kimberlite's

22  subpoena to AT&T Internet Services should be quashed.  His motion should be

23  denied.

24              **Summary of Facts**

25      Kimberlite Corporation is the world's largest independent dealer of Sonitrol

26  brand security systems.  Kimberlite both installs and monitors security systems for

27  its customers, and as a result, customers provide the company with a great deal of

28  confidential and proprietary information via email.  Moreover, Kimberlite also

2

COMPLAINT FOR DAMAGES AND OTHER RELIEF

1  regularly discusses its own confidential and proprietary information on its email

2  system.

3      In April 2008, Kimberlite Corporation discovered two unauthorized breaches

4  of its internal computer network. (*See* Kimberlite Complaint at ¶¶ 8-9; Deedon

5  Decl. at 1; Exhibit C).  The breaches took place on April 7, 2008 and April 14, 2008,

6  and both originated from the IP address 71.135.177.158. (*Id.*)  In both cases, John

7  Doe accessed Kimberlite email accounts assigned to various employees and then

8  proceeded to view the content of email messages not intended for him.  At no time

9  did Doe have the authorization of either Kimberlite or the affected employees to

10 view these email messages. (*Id.*)

11     Upon discovering the initial breaches, Kimberlite brought the instant action

12 and undertook an investigation of the illegal intrusions into its internal computer

13 network. (Deedon Decl. at 1.)  This investigation involved the Company's IT

14 Department, outside counsel, and private investigators. (Patterson Decl. at 1.)  The

15 Company's investigation revealed that in the period April 2-15, 2008, John Doe used

16 the same AT&T IP address to commit 26 additional unauthorized breaches of the

17 Kimberlite email system. (*See* Deedon Decl. at 1; Exhibit D.)  A subpoena was

18 served on AT&T Internet Services on April 28, 2008 (Exhibit A) to ascertain the

19 identity of the user of IP address 71.135.177.158 at the times at which two of these

20 email break-ins took place.  On May 7, 2008, John Doe then filed a Motion to

21 Quash the subpoena.

22

23                    **Argument**

24 **I.    KIMBERLITE SERVED A VALID SUBPOENA UPON AT&T**

25     The Federal Rules of Civil Procedure obligate third parties to produce

26 documents or information responsive to a subpoena that a party serves on them.

27 Fed. R. Civ. P. 45(b), (d).  If the information is relevant and there is good cause for

28 their production, the subpoena is enforced unless the documents are privileged or

1  the subpoena is unreasonable, oppressive, annoying, or embarrassing. *U.S. v.*
2  *American Optical Corp.*, 39 F.R.D. 580, 583 (N.D. Cal. 1966).

3      As the party moving to quash, Doe bears the initial burden of persuasion to
4  demonstrate that Kimberlite's requests are improper. *See Green v. Baca*, 226 F.R.D.
5  624, 653 (C.D. Cal. 2005). The burden on the party moving to quash is a "heavy
6  one." *Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024-25 (Fed.
7  Cir. 1985). Doe's motion does not so much as attempt to meet this heavy burden,
8  but instead contains only two incompetent arguments regarding the complaint.

9      Doe's motion does not suggest that the documents sought are not relevant to
10 the action. There can be no question as to the relevance of the documents sought by
11 Kimberlite from AT&T. Kimberlite's email system was accessed without the
12 company's authorization by Doe. The true identity of Doe is obviously relevant to
13 the company's ability to prosecute its case against him. *See, e.g., Children's Legal*
14 *Services P.L.L.C v. Kresch*, 2007 WL 4098203 at *4 (E.D. Mich. Nov. 16, 2007)
15 (information that is relevant to identifying John Doe defendants named in complaint
16 is discoverable); *Wilkins v. Bittenbender*, 2006 WL 860140, * 7 (M.D. Pa. 2006),
17 (John Doe defendants are to be used until discovery allows plaintiff to determine
18 their true identities).

19     Similarly, Doe does not argue that the subpoena is improper. There is nothing
20 improper about Kimberlite's requests of AT&T. Kimberlite served a narrowly-
21 constructed subpoena upon AT&T Internet Services, asking only for information
22 sufficient to identify the individual who used the IP address 71.135.177.158 during
23 the times in which the initial two email break-ins occurred. Kimberlite has sought
24 nothing more than documents sufficient to reveal the name and address of defendant
25 John Doe—information necessary to serve process on him, prosecute the action, and
26 obtain an enforceable judgment against him. As such, nothing in this subpoena is
27 unreasonable or oppressive. Rather, it is simply an attempt to ascertain the identity
28 of the individual responsible for unauthorized network breaches. Unsurprisingly,

4

COMPLAINT FOR DAMAGES AND OTHER RELIEF

1   Doe sidesteps this issue entirely, and instead claims that "good cause exists" to

2   quash this subpoena because the CFAA is inapplicable, and his identity is protected

3   by the CPAA.  Each of these arguments is entirely without merit, and the Court

4   should therefore deny Doe's Motion.

**II.    DOE'S MOTION TO QUASH SHOULD BE DENIED BECAUSE
KIMBERLITE HAS PROPERLY PLEADED A CLAIM UNDER THE CFAA
AND FOR TRESPASS TO CHATTELS**

9       Doe offers no relevant legal support for his Motion to Quash.  His arguments

10  repeatedly misinterpret the two statutes he does cite.  Here, Kimberlite need only

11  show that there is a "real evidentiary basis for believing that the defendant has

12  engaged in wrongful conduct that has caused real harm to the interests of the

13  plaintiff." *Highfields Capital Management L.P. v. Doe*, 385 F. Supp. 2d 969, 970

14  (N.D. Cal. 2005).  That is precisely what Kimberlite has done in its complaint.

**A.    Kimberlite Has Satisfied All Elements to Establish A Cause Of
Action Under The Computer Fraud And Abuse Act**

18      The CFAA provides a civil remedy for damages or injunctive relief to "[a]ny

19  person who suffers damage or loss by reason of a violation of this section."  18

20  U.S.C. § 1030(g).  Contrary to Doe's claims, a defendant need not access a computer

21  belonging to the United States or information belonging to the federal government

22  in order to be in violation of the CFAA.  Indeed, CFAA Section 1030(a)(4) provides

23  the basis for a private plaintiff to bring a civil action.  To succeed on a civil claim, a

24  plaintiff need only prove that (1) the defendant knowingly accessed a protected

25  computer; (2) the defendant did so either without authorization or by exceeding

26  authorized access; and (3) over the course of one year, the plaintiff suffered losses in

27  excess of $5,000.00.  18 U.S.C. § 1030(a)(5)(B)(i), (g); *Physicians Interactive v.*

28  *Lathian Systems Inc.*, 2003 WL 23018270, at *6 (E.D. Va. Dec. 5, 2003).  A

1  computer is a  "protected computer" within the meaning of the statute if it "is used in

2  interstate or foreign commerce or communication."  18 U.S.C. § 1030(e)(2)(B).

3

4  **B.    Doe Knowingly Accessed Kimberlite's Computer Network Without**

5  **Authorization**

6  To establish the element of intent to defraud under the CFAA, the Court need

7  only find that the "defendant participated in dishonest methods to obtain" the data

8  from the protected computer.  *Shurgard Storage Ctrs. v. Safeguard Self Storage,*

9  *Inc.*, 119 F. Supp. 2d 1121, 1125-26 (W.D. Wash. 2000).  Plaintiff need only show

10  proof of wrongdoing.  As plaintiff has pleaded, and as evidence indicates, this

11  requirement has been satisfied here.  Doe, without authorization from Kimberlite or

12  the individual employees affected by his actions, logged into several Kimberlite

13  email accounts, and while there, viewed business-related emails intended for parties

14  other than Doe.  (*See* Deedon Decl. at 1; Exhibits C, D.)

15  Doe's claim that he "has not had any intent and committed any fraud" is

16  absurd.  On multiple occasions, he purposefully logged into password-protected

17  email accounts belonging to people other than him in order to view confidential

18  messages that were not intended for him.  (Exhibits C, D.)  As Doe accessed

19  information on Kimberlite's email system through dishonest means, Kimberlite has

20  satisfied its burden of showing wrongdoing.

21

22  **C.    Kimberlite's Email System Was Used In Interstate Commerce And**

23  **Was Therefore A Protected Computer**

24  The CFAA defines a protected computer as one which "is used in interstate or

25  foreign commerce or communication."  18 U.S.C. § 1030(e)(2)(B).  Kimberlite's

26  computer network is used to conduct business and communications both inside and

27  outside of California.  (Patterson Decl. at 1.)  For example, Kimberlite has provided

28  service to dozens of military bases located in various states.  (*Id.*)  The Company

buys its equipment from companies located in several states and Canada, and as a

Sonitrol franchise, regularly communicates and conducts business with Sonitrol

Corporation, which is located in Pennsylvania, and Sonitrol affiliates located

throughout the United States. (*Id.*) Kimberlite is also in regular contact and does

business with customers who are headquartered outside California but do business

within the state. (*Id.*) In short, Doe's assertion that Kimberlite's computer network

is not a "protected computer" under the CFAA is baseless.[1]

### D.    Kimberlite Has Suffered Significantly More Than $5,000 In Loss

In determining the amount of losses suffered by a plaintiff as a result of a

violation of the CFAA, courts consider financial injury relating to "any reasonable

cost to any victim, including the cost of responding to an offense, conducting a

damage assessment, and restoring the data, program, system, or information to its

[prior condition]." 18 U.S.C. § 1030(e)(11). Among the costs that may be included

are "allegations of cost to investigate and take remedial steps in response to a

defendant's misappropriation of data." *Modis Inc. v. Bardelli*, 2008 WL 191204, at

*4 (D. Conn. Jan. 22, 2008).

Kimberlite has incurred losses of well over $5000 in direct response to Doe's

unauthorized breach of its internal computer network. After discovering the

breaches, Kimberlite began an extensive investigation of its internal computer

network that is still ongoing. (Patterson Decl. at 1.) Among other things,

Kimberlite's IT personnel dedicated significant man-hours to ascertain the extent of

---

[1]    Moreover, a number of courts have held that transmission of data over the internet is
tantamount to moving the information physically through interstate commerce. *See U.S. v.
Carroll*, 105 F.3d 740 (1st Cir. 1997) (holding that transmission of photographs via the internet is
tantamount to moving them through interstate commerce); *U.S. v. MacEwan*, 445 F.3d 237 (3d
Cir. 2006) (holding that connection to a web cite or server must involve data moving in interstate
commerce). Thus, the computer was clearly one which was used in interstate commerce, thereby
qualifying as a protected computer within the CFAA.

1  the breach and protect against future breaches. (*Id.*; Deedon Decl. at 1)  Remedial
2  measures were taken to secure the network, which required significant contributions
3  of personnel and equipment. (*Id.*)  Moreover, the company incurred legal fees
4  because it had to retain outside legal counsel in connection with the investigation.
5  (Patterson Decl. at 1.)  The Company also enlisted the help of private investigators
6  and forensic computer analysts. (*Id.*)  These costs easily satisfy the requisite $5,000
7  threshold. (*Id.*)

8

9        E.     **Kimberlite Has Satisfied All Elements to Establish A Cause Of**
10              **Action For Trespass To Chattels**

11       In Doe's Motion to Quash, Kimberlite's cause of action for trespass to chattels
12  in completely ignored.  To prevail on a cause of action for trespass to chattels, the
13  plaintiff need only demonstrate that the defendant, without authorization,
14  intentionally interfered with the plaintiff's rights in personal property, and that the
15  unauthorized use caused damage to the plaintiff.  Courts have held that unauthorized
16  use of a plaintiff's computer is sufficient to establish damage and that no showing of
17  physical harm or substantial interference is necessary. *See Oyster Software v.*
18  *Forms Processing*, 2001 WL 1736382 (N.D. Cal 2001).  As noted, *supra*,
19  Kimberlite has pleaded that Doe, without authorization, knowingly interfered with
20  Kimberlite's computer network, causing significant damages.  This provides yet
21  another basis as to why good cause exists to grant the requested subpoena.

22

23  **III.**    **THE CABLE COMMUNICATION POLICY ACT OF 1984 DOES NOT**
24          **APPLY HERE**

25       Lastly, Doe argues that the Cable Communication Policy Act of 1984
26  ("CCPA") does not allow operators to disclose personal data to third parties without
27  consent.  However, the CCPA applies only to companies which "provide[] cable
28  service over a cable system" or a company which controls such systems.  47 U.S.C.

8

COMPLAINT FOR DAMAGES AND OTHER RELIEF

1    § 522(5)(A). The term cable service means any service which "includes the

2    transmission of local television broadcast signals." 47 U.S.C. § 522(2). The CCPA

3    was passed to "establish franchise procedures and standards which encourage the

4    growth and development of cable systems" and to assure the needs of the local

5    communities are served. 47 U.S.C. § 521(b)(2). Here, AT&T Internet Services

6    provided broadband internet access to Doe. AT&T operates a DSL network, and all

7    the data Doe illegally accessed was passed to him through telephone lines—not

8    cables transmitting television signals. The CCPA is wholly inapplicable in the

9    present context, in which an individual breached an internal computer network to

10   gain access to confidential information. Contrary to Doe's wishful assertion, the

11   CCPA does not protect, immunize or insulate Doe's wrongful conduct here.

12         Additionally, Doe's assertion that he maintains an interest in keeping this

13   particular information private is without merit. As an AT&T customer, Doe waived

14   any rights per his terms-of-use agreement.[2] Moreover, Doe's assertion that he

15   somehow has the right to spy on others' email and rummage through a company's

16   computer system, and invoke this Court's power to maintain the secrecy of those

17   actions is, of course, absurd. The sole issues here are whether Kimberlite served a

18   valid subpoena on AT&T, and whether Kimberlite has demonstrated sufficient

19   harm. Doe does not address the first issue, and with respect to the second his

20   arguments are purely speculative and without merit.

21

22                              **Conclusion**

23         For reasons stated herein, Doe's Motion to Quash should be denied.

24   _____

25   [2] AT&T's own privacy policies expressly acknowledges that the company may,
     without an individual's consent, provide personal identifying information to third

26   parties to comply with subpoenas, *available at* http://www.att.com/gen/privacy-

27   policy?pid=2506.

28

DATED:  May 16, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____
Scott G. Lawson
Attorneys for Kimberlite Corporation

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

Northern _____ DISTRICT OF _____ California

| | |
|---|---|
| Kimberlite Corporation, a California Corporation | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| John Does 1-20 | Case Number:[1] CV 08-2147TEH |

TO:    AT&T Internet Services c/o
       CT Corporation
       818 West 7th Street, Los Angeles, CA 90017

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | 5/12/2008 10:00 am |
| 50 California St., 22nd Floor, San Francisco, CA 94111 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _signature_ , attorney for plaintiff | 4/28/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Tyler G. Doyle
50 California St., 22nd Floor, San Francisco, CA 94111 (415) 875-6316

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

Plaintiff Kimberlite Corporation ("Kimberlite") by its undersigned attorneys and pursuant to Rules 45 of the Federal Rules of Civil Procedure, hereby requests that AT&T Internet Services ("AT&T") produce the following documents and things in their possession, custody or control, by the time, date and location indicated in the accompanying subpoena, or at such other time, date, and location as may be agreed to by counsel.

## DEFINITIONS

1.    If used herein, "AT&T" or "You" means, individually or collectively, AT&T Internet Services and any subsidiary, joint venture and/or affiliated corporations, including any other corporations(s) and/or business entity or entities (as defined below) owned or controlled by AT&T Internet Services, any predecessor corporations or entities of AT&T Internet Services, as well as AT&T Internet Service's respective officers, agents, attorneys, or experts retained by AT&T Internet Servicesor their counsel, and all persons or entities in privity with them, acting on behalf of such entities, with regard to the matters inquired about herein.

2.    If used herein, "document" has the full meaning ascribed to it by Rule 34 of the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in the possession, custody, or control of AT&T, and further is used in a broad sense to refer to any tangible object that contains, conveys, or records information.

3.    If used herein, "and," "or" and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request those documents which might otherwise be construed to be outside the request.

4.    If used herein, "correspondence" means any transmission of information by one or more persons and/or between two or more persons by any means including telephone

conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

5.    If used herein, "relating" to any given subject matter means, without limitation, referring to, comprising, reflecting, describing, discussing, regarding, involving, identifying, stating, constituting, concerning, containing, embodying, tending to prove or disprove, or bearing on in any way, the particular subject matter identified.

6.    If used herein, "entity" or "entities" means an individual, partnership, corporation, proprietorship, joint venture, association, government or any other business organization, whether formal or informal.

7.    If used herein, "date" means the exact day, month and year, if ascertainable, or if not, the best approximately ascertainable (including relationship to other events).

8.    If used herein, "Person" means any individual, corporation, proprietorship, association, partnership, joint venture, company, group, organization, trust, estate, business or governmental entity or agency (public or private), and any entity of any description that has a separate identity recognized in law or in fact to have legal rights and obligations. Any reference to a Person that is not an individual, or natural person, includes its present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, all individuals acting or purporting to act on its behalf, and also its subsidiaries, affiliates, divisions, predecessors and successors in interest.

9.    If used herein, "identify," when used with respect to a natural Person, means that YOU are required to state: (a) the Person 's full name; (b) the Person's current or last known Internet e-mail address; (c) the Person's current business address or last known home and business addresses; (d) the Person's current business telephone number or last known home and

business telephone numbers; and (e) if the Person's present whereabouts is unknown, state all information known to You that reasonably may be helpful in locating the Person (for example, spouse's name, children's names and addresses and the names and addresses of other known relatives).

10.    If used herein, "identify" when used with respect to a document, thing or other evidence means that You are required to state: (a) a description of the document (including the type of document or thing, its subject matter and any authors, creators, custodians and/or recipients) and any associated production numbers; and (b) the location of the original, including the name and contact information for all custodians of the original.

## INSTRUCTIONS

1.    Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders and/or containers in which such documents are located or associated with.  If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

2.    In producing documents, AT&T is directed to furnish all documents available to them including, by way of illustration, and not limited to, documents in the possession, custody or control of AT&T's present or former attorneys or their consultants or investigators, or in the possession of AT&T's consultants, experts, advisors, agents or associates.

3.    If any document or part of a document called for by this subpoena refers to documents that AT&T is aware of which was at one time within AT&T's possession, custody or control, but which are not now within or subject to AT&T's possession, custody or control, AT&T's is directed to identify such documents in a manner sufficient to describe such documents for the purpose of preparing and serving a proper subpoena duces tecum and to give

the name, telephone number, and address of the person last known by AT&T to have been in possession, custody or control of such documents.

4.    If the attorney-client privilege or work product immunity is asserted as to any document, provide the following:

      (a)    the specific ground(s) for not producing the information, document or thing in full;

      (b)    the bases for any such claim of privilege or immunity; and

      (c)    the full identity of the information, document, or material for which such privilege or immunity is asserted, including the name, date and title of any document; the name, address and title of its author; each addressee; and each person to whom a copy of the document or thing has been sent or received.

5.    To the extent the claim of attorney-client privilege or work product immunity is not being asserted as to the entirety of a document, produce in redacted form that portion of the document not covered by such claim of privilege or immunity.

6.    If any document or thing requested has been destroyed, set forth the contents of the document or thing, the date of its destruction, and the name of the person who authorized its destruction.

7.    Each document request herein shall be deemed continuing so as to require prompt supplemental responses if you obtain or discover further documents called for between the time for responding to this subpoena and the time of trial.

8.    All electronically-stored information should be produced in such a form that includes all data and metadata and is readable and searchable.

## DOCUMENTS TO BE PRODUCED

1.      All documents that refer or relate to the identity of the person or entity to whom the Internet Protocol address 71.135.177.158 was assigned on April 7, 2008, from approximately 6:30-7:30 p.m. PDT, including, but not limited to, the name and address of the owner of the account, the name and address of all persons listed on the account, and billing information related to the transaction.

2.      All documents that refer or relate to the identity of the person or entity to whom the Internet Protocol address 71.135.177.158 was assigned on April 14, 2008, from approximately 6:30-8:00 p.m. PDT, including, but not limited to, the name and address of the owner of the account, the name and address of all persons listed on the account, and billing information related to the transaction.

# EXHIBIT B

# ARIN WHOIS Database Search

Search ARIN WHOIS for: 71.135.177.158

```
AT&T Internet Services SBCIS-SIS80 (NET-71-128-0-0-1)
                            71.128.0.0 - 71.159.255.255
PPPoX Pool - bras21a.pltnca SBCIS-111705084006 (NET-71-135-176-0-1)
                            71.135.176.0 - 71.135.191.255

# ARIN WHOIS database, last updated 2008-05-14 19:10
# Enter ? for additional hints on searching ARIN's WHOIS database.
```

# EXHIBIT C

**Event Properties**    [?] [X]

Event

Date:        4/7/2008      Source:     Security
Time:        6:48:03 PM    Category:   Logon/Logoff
Type:        Success A     Event ID:   540
User:        SONITROL\gwatson
Computer:    SONITROL-EX

Description:

```
Logon Process:     NtLmSsp
Authentication Package:    NTLM
Workstation Name: HOME-SY6WCL8PH8
Logon GUID:         -
Caller User Name:   -
Caller Domain:      -
Caller Logon ID:    -
Caller Process ID: -
Transited Services: -
Source Network Address     71.135.177.158
```

Data:  ⦿ Bytes  ◯ Words

OK      Cancel      Apply

6:49pm - 7:22pm

**Event Properties**      ? ☒

Event |

| | | | |
|---|---|---|---|
| D<u>a</u>te: | 4/14/2008 | <u>S</u>ource: | Security |
| Ti<u>m</u>e: | 6:38:50 PM | Catego<u>r</u>y: | Logon/Logoff |
| Ty<u>p</u>e: | Success A | Event <u>I</u>D: | 540 |
| <u>U</u>ser: | SONITROL\jrouchanian | | |
| <u>C</u>omputer: | SONITROL-EX | | |

<u>D</u>escription:

```
Authentication Package:      NTLM
Workstation Name: HOME-SY6WCL8PH8
Logon GUID:            -
Caller User Name:      -
Caller Domain:         -
Caller Logon ID:       -
Caller Process ID: -
Transited Services: -
Source Network Address:     71.135.177.158
Source Port:       1104
```

Da<u>t</u>a:  ○ <u>B</u>ytes  ○ <u>W</u>ords

[ OK ]    [ Cancel ]    [ Apply ]

6:38 pm - 6:43pm

**Event Properties**     ? ✕

Event

Date: 4/14/2008     Source:     Security
Time: 7:43:24 PM     Category:     Logon/Logoff
Type: Success A     Event ID:     540
User: SONITROL\sbrucker
Computer: SONITROL-EX

Description:

```
Logon Process:     NtLmSsp
Authentication Package:     NTLM
Workstation Name: HOME-SY6WCL8PH8
Logon GUID:          -
Caller User Name:    -
Caller Domain:       -
Caller Logon ID:     -
Caller Process ID: -
Transited Services: -
Source Network Address:     71.135.177.158
```

Data    ⊙ Bytes  ○ Words

OK     Cancel     Apply

7:42   -   7:43

**Event Properties**                                           ? ✕

Event |

D<u>a</u>te:        4/11/2008    <u>S</u>ource:    Security              ⬆
Ti<u>m</u>e:        7:49:53 PM   Categor<u>y</u>:   Logon/Logoff         ⬇
Typ<u>e</u>:       Success A    Event <u>I</u>D:   540
<u>U</u>ser:        SONITROL\gwatson                                📋
<u>C</u>omputer:   SONITROL-EX

<u>D</u>escription:

Logon Process:    NtLmSsp                        ▲
Authentication Package:    NTLM
Workstation Name: HOME-SY6WCL8PH8
Logon GUID:       -
Caller User Name: -
Caller Domain:    -
Caller Logon ID:  -
Caller Process ID: -
Transited Services: -
Source Network Address:      71.135.177.158    ▼

Da<u>t</u>a    ⚪ <u>B</u>ytes  ⚪ <u>W</u>ords
                                                 ▲

                                                 ▼

              OK          Cancel         Apply

7:44 pm - 8:22 pm



**Event Properties**  [?] [X]

Event

| | |
|---|---|
| D_ate: | 4/14/2008 |
| Ti_me: | 7:44:35 PM |
| Ty_pe: | Success A |
| U_ser: | SONITROL\mjoiner |
| Computer: | SONITROL-EX |

| | |
|---|---|
| _Source: | Security |
| Categor_y: | Logon/Logoff |
| Event _ID: | 540 |

[↑] [↓] [📋]

_Description:

Authentication Package:     NTLM
Workstation Name: HOME-SY6WCL8PH8
Logon GUID:              -
Caller User Name:        -
Caller Domain:           -
Caller Logon ID:         -
Caller Process ID: -
Transited Services: -
Source Network Address:    71.135.177.158
Source Port:        1824

Data:  ○ B_ytes  ○ W_ords

[OK]  [Cancel]  [Apply]

7:45 - 7:48 PM

**Event Properties**      ▪     **?** **X**

Event |

| | | | |
|---|---|---|---|
| D<u>a</u>te: | 4/14/2008 | <u>S</u>ource: | Security |
| Ti<u>m</u>e: | 7:31:09 PM | <u>C</u>ategory: | Logon/Logoff |
| Typ<u>e</u>: | Success A | Event <u>I</u>D: | 540 |
| <u>U</u>ser: | SONITROL\slee | | |
| <u>C</u>omputer: | SONITROL-EX | | |

↑

↓

🗎

<u>D</u>escription:

```
Authentication Package:      NTLM
Workstation Name: HOME-SY6WCL8PH8
Logon GUID:              -
Caller User Name:        -
Caller Domain:           -
Caller Logon ID:         -
Caller Process ID: -
Transited Services: -
Source Network Address:     71.135.177.158
Source Port:       1687
```

Data: ⦿ <u>B</u>ytes ◯ <u>W</u>ords

OK     Cancel     Apply

7:31 - 7:38   (8:00 pm)

# EXHIBIT D

| Date | IP Address | Exchange Mailbox Accessed |
|------|-----------|---------------------------|
| 4/2/2008 | 71.135.177.158 | jrouchanian, gwatson |
| 4/3/2008 | 71.135.177.158 | jrouchanian, gwatson |
| 4/4/2008 | 71.135.177.158 | jrouchanian, gwatson |
| 4/5/2008 | 71.135.177.158 | jrouchanian, gwatson |
| 4/8/2008 | 71.135.177.158 | jrouchanian, gwatson |
| 4/9/2008 | 71.135.177.158 | jrouchanian, gwatson |
| 4/10/2008 | 71.135.177.158 | jrouchanian, gwatson |
| 4/11/2008 | 71.135.177.158 | jrouchanian, gwatson |
| 4/12/2008 | 71.135.177.158 | jrouchanian, gwatson |
| 4/15/2008 | 71.135.177.158 | jrouchanian, kmccracken, slee, scarrillo, sbrucker, mjoiner |

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Scott G. Lawson (Bar No. 174671)
2     scottlawson@quinnemanuel.com
     Tyler G. Doyle (Bar No. 242477)
3     tydoyle@quinnemanuel.com
     50 California Street, 22nd Floor
4  San Francisco, California 94111
     Telephone: (415) 875-6600
5  Facsimile: (415) 875-6700

6  Attorneys for Plaintiff Kimberlite
     Corporation

7

8                UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  Kimberlite Corporation, a California     CASE NO. 3:08cv02147
      Corporation
12                                           **DECLARATION OF STEVE
                                             DEEDON IN SUPPORT OF
13              Plaintiff,                    PLAINTIFF KIMBERLITE
                                             CORPORATION'S OPPOSITION
                vs.                          TO JOHN DOE'S MOTION TO
14                                           QUASH**
      John Does 1-20
15
                Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

21299/2506164.1

1          I, Steve Deedon, declare as follows:

2       1.      I am employed by Kimberlite Corporation ("Kimberlite") as its IT Manager,

3 working out of Kimberlite's headquarters in Fresno, California. I submit this declaration in

4 support of Kimberlite's Opposition to John Doe's Motion to Quash a subpoena served by

5 Kimberlite on AT&T on April 28, 2008. The matters referred to in this declaration are based on

6 my personal knowledge and, if called as a witness, I could and would testify competently to those

7 matters.

8       2.      In my position as Kimberlite's IT Manager, I oversee the company's internal

9 computer network, including its email and internet servers. Part of that network is dedicated to

10 Kimberlite's electronic mail system ("Kimberlite email"). Each employee of Kimberlite is given

11 an individual account on Kimberlite email, which they use for business purposes. Each individual

12 account is password-protected, using a password unique to the individual user.

13       3.      On or about April 15, 2008, I was notified by a Kimberlite employee that their

14 email had been viewed without their permission. Specifically, the employee indicated that the

15 emails they had not yet viewed appeared within their email "in box" as having already been read.

16       4.      I conducted an initial investigation into the employee's complaints by reviewing a

17 log of activity on the Kimberlite email system. From that log, I determined that an unknown

18 individual, using IP address 71.135.177.158, had logged into numerous employee email accounts

19 on the evenings of April 7, 2008 and April 14, 2008, and while there, had viewed email messages

20 intended for Kimberlite employees. As part of the investigation, I printed out a log of entries

21 related to activity by IP address 71.135.177.158 within the Kimberlite email system on the days in

22 question. A true and correct copy of that log is attached hereto as Exhibit C.

23       5.      My investigation into the email intrusion has continued. Since the day this lawsuit

24 was filed, I have determined that between April 2, 2008 and April 15, 2008 the user of IP address

25 71.135.177.158 accessed without authorization 7 different Kimberlite e-mail accounts on at least

26 24 occasions. Attached hereto as Exhibit D is a true and correct copy of a log showing the activity

27 of the user of IP address 71.135.177.158 within the Kimberlite email system between April 2,

28

1  2008 and April 15, 2008, not including the initial two incidents that are specifically mentioned in

2  the complaint.

3      6.    In the time since the initial unauthorized viewings took place, my staff and I have

4  spent over 100 hours investigating the matter and taking steps to repair the Kimberlite email

5  system following the intrusions.  Further, in increasing network security in response to this matter,

6  my staff and I have also had to work with Kimberlite's employees to change passwords and

7  otherwise further secure individual Kimberlite email accounts.

8      I declare under penalty of perjury under that the foregoing is true and correct, and that this

9  declaration was executed at Fresno, California on May 15, 2008.

10

11                                     _____

12                                     Steve Deedon

13

1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       Scott G. Lawson (Bar No. 174671)
2       scottlawson@quinnemanuel.com
       Tyler G. Doyle (Bar No. 242477)
3       tydoyle@quinnemanuel.com
     50 California Street, 22nd Floor
4    San Francisco, California  94111
     Telephone:   (415) 875-6600
5    Facsimile:   (415) 875-6700

6    Attorneys for Plaintiff Kimberlite
     Corporation
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11   Kimberlite Corporation, a California       CASE NO. 3:08cv02147
     Corporation
12                                              **DECLARATION OF THOMAS
                    Plaintiff,                  PATTERSON IN SUPPORT OF
13                                              PLAINTIFF KIMBERLITE
          vs.                                   CORPORATION'S OPPOSITION
14                                              TO JOHN DOE'S MOTION TO
     John Does 1-20                             QUASH**
15
                    Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

1        I, Thomas Patterson, declare as follows:

2        1.        I am the President and CEO of Kimberlite Corporation.  I submit this declaration in

3   support of Kimberlite Corporation's Opposition to John Doe's Motion to Quash.  The matters

4   referred to in this declaration are based on my personal knowledge and, if called as a witness, I

5   could and would testify competently to those matters.

6        2.        Kimberlite Corporation is a California corporation with its principal place of

7   business in California.  The Company is the world's largest independent dealer of Sonitrol-brand

8   security systems, and conducts business with customers, suppliers, and the Sonitrol Corporation

9   throughout the United States and Canada.  By way of example, we have provided services to

10  approximately 45 military bases located throughout the southwestern United States.  We also do

11  business and communicate with companies headquartered outside of California who have

12  locations within the state.  In addition, we regularly communicate with Sonitrol Corporation,

13  which is located in Pennsylvania, and with other Sonitrol dealers located throughout the United

14  States.  Lastly, Kimberlite purchases supplies from companies located across the United States and

15  Canada.

16       3.        Kimberlite has an internal computer network in which it stores proprietary and

17  otherwise confidential information related to its operations.  Within this network, the Company

18  has an electronic mail system ("Kimberlite email") that the Company uses to communicate and

19  conduct business with its customers, suppliers, and other Sonitrol-related companies.  Each

20  employee of Kimberlite is given a Kimberlite email account.

21       4.        On or about April 15, 2008, it was brought to my attention that an unknown

22  individual or individuals had logged into Kimberlite email and viewed business-related messages

23  intended for Kimberlite's employees.  These email breaches took place without the authorization

24  of Kimberlite or the affected employees.

25       5.        Concerned over this unauthorized access, I directed my IT Department to conduct

26  an investigation of the break-ins and to secure our Kimberlite email system.  I also enlisted the

27  assistance of outside legal counsel, private investigators, and forensic computer analysts.  The cost

28  of securing the Kimberlite email system and conducting this investigation has exceeded $5,000.00.

1    I declare under penalty of perjury under that the foregoing is true and correct, and that this

2  declaration was executed at Fresno, California on May 16, 2008.

3

4                                                                    Thomas Patterson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-                                            CASE NO. 07CECG01820

DECLARATION OF THOMAS PATTERSON IN SUPPORT OF KIMBERLITE OPPOSITION

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
 Scott G. Lawson (Bar No. 174671)
  scottlawson@quinnemanuel.com
 Tyler G. Doyle (Bar No. 242477)
  tydoyle@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for Plaintiff Kimberlite
Corporation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kimberlite Corporation, a California Corporation<br><br>                Plaintiff,<br><br>        vs.<br><br>John Does 1-20<br><br>                Defendants. | CASE NO. 3:08cv02147<br><br>**[PROPOSED] ORDER DENYING JOHN DOE'S MOTION TO QUASH SUBPOENA DIRECTED TO AT&T INTERNET SERVICES** |

        After full consideration of the evidence and the points and authorities submitted, IT IS

HEREBY ORDERED THAT the motion by John Doe to quash Kimberlite Corporation's

subpoena directed to nonparty AT&T Internet Services is hereby DENIED.

Dated:  May __, 2008

_____
        Hon. Thelton E. Henderson